STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

Court File No.: _____

Erica Bugenhagen,

    Plaintiff,

v.                                                    **SUMMONS**

Groves Academy,

    Defendant.

---

**THIS SUMMONS IS DIRECTED TO DEFENDANT GROVES ACADEMY, 3200 HIGHWAY 100 SOUTH, ST. LOUIS, PARK MN 55416.**

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons a **written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    HALUNEN & ASSOCIATES
    1650 IDS Center
    80 South Eighth Street
    Minneapolis, MN  55402
    Telephone: (612) 605-4098

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**EXHIBIT A**

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer with 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to context the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: August 22, 2014.

HALUNEN & ASSOCIATES

Clayton D. Halunen, #219721
Ross D. Stadheim, #0392475
1650 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 605-4098
Facsimile: (612) 605-4099

*ATTORNEYS FOR PLAINTIFF*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Court File No.: _____

Erica Bugenhagen,

    Plaintiff,

v.

Groves Academy,

    Defendant.

**COMPLAINT AND JURY DEMAND**

Erica Bugenhagen ("Plaintiff"), for her Complaint against Groves Academy ("Defendant"), states and alleges as follows:

## PARTIES

1. Plaintiff is resident of the City of Savage, County of Scott, State of Minnesota.

2. Defendant is a private school located in the City of St. Louis Park, County of Hennepin, State of Minnesota.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked as the violations occurred in the State of Minnesota and involve state and federal law.

4. Venue is appropriate because Defendant transacts its business in the State of Minnesota and the facts giving rise to this action occurred within the borders of the State of Minnesota, County of Hennepin.

## FACTS

5. Plaintiff was hired by Defendant as a substitute teacher in September 2011. Defendant later hired Plaintiff as an Upper School Language Arts Teacher in January 2012 and

offered her a fulltime contract in August 2012. Throughout her employment, she received contract increases and positive feedback from her supervisor, Ellen Engstrom, Academy Director of Teacher Training and Director of Education, at Defendant.

6. On January 8, 2014, Plaintiff informed Defendant that she would be taking Family and Medical Leave Act ("FMLA") leave for the birth of her child in early May 2014.

7. In March 2014, Plaintiff's pregnancy was in its third trimester. Due to related complications, Plaintiff began to experience extreme discomfort.

8. Also in March 2014, Plaintiff reviewed her FMLA leave lesson plans with Engstrom. During that meeting, Engstrom stated that "doctors treat pregnancy like it's a disease nowadays." Engstrom made the above statement to Plaintiff, knowing from previous conversations that she had numerous miscarriages and surgeries to achieve pregnancy. Plaintiff's FMLA leave lesson plans were all eventually approved.

9. On April 19, 2014, Plaintiff left work early because she was experiencing pregnancy contractions and cramping. Her doctors ordered her to take FMLA leave for the remainder of her pregnancy. Shortly after, she informed Defendant of her doctor's orders, filed the necessary FMLA leave paperwork, and subsequently received notification that her FMLA leave was approved.

10. On April 23, 2014, the first day of her approved FMLA leave, Plaintiff received a voicemail from the Human Resources Director, Lisa Zelinsky, and Engstrom to discuss "some very serious issues." Plaintiff called Zelinsky and Engstrom back who told Plaintiff that she was being effectively terminated, as Defendant was not renewing her contract for next year in August 2014. Notably, no "serious issues" were discussed. Instead, Defendant stated that she was being terminated because she was no longer a "good fit" for Defendant.

## CLAIMS

### COUNT ONE
### GENDER DISCRIMINATION IN VIOLATION OF
### THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

11. Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et. seq.* These practices include, but are not limited to: altering the terms and conditions of Plaintiff's employment by terminating her employment because of her pregnancy.

12. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her pregnancy.

13. Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's pregnancy from occurring.

14. Plaintiff's pregnancy was a motivating factor in her termination.

15. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

16. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## COUNT TWO
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff realleges each and every paragraph of this Complaint.

17. Defendant engaged in unlawful employment practices involving Plaintiff in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq*. These practices include, but are not limited to: altering the terms and conditions of Plaintiff's employment by terminating Plaintiff's employment because of her FMLA leave.

18. Plaintiff was retaliated against in the terms, conditions, and privileges of her employment after she exercised her rights under the FMLA.

19. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because she exercised her rights under the FMLA.

20. The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to the laws, which protect Plaintiff.

21. As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## COUNT THREE
## FAMILIAL STATUS DISCRIMINATION IN VIOLATION OF
## THE MINNESOTA HUMAN RIGHTS ACT

Plaintiff realleges each and every paragraph of this Complaint.

22. Defendant, through its managers and officials acting on behalf of the Defendant and within the scope of their employment, engaged in unlawful employment practices involving Plaintiff in violation of the Minnesota Human Rights Act, Minn. Stat. §§ 363A.01 *et. seq*. These

practices include, but are not limited to: altering the terms and conditions of Plaintiff's employment by terminating her employment because of her pregnancy.

23.   The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affecting her status as an employee because of her pregnancy.

24.   Defendant failed to take all reasonable steps to prevent discrimination based upon Plaintiff's pregnancy from occurring.

25.   Plaintiff's pregnancy was a motivating factor in her termination.

26.   The unlawful employment practices complained above were intentional and were performed by Defendant with malice or reckless indifference to anti-discrimination laws, which protect Plaintiff.

27.   As a direct and proximate result of Defendant's illegal conduct, Plaintiff has suffered, and continues to suffer, emotional distress, humiliation, embarrassment, pain and suffering, loss of reputation, loss of enjoyment of life, lost wages and benefits, and has incurred attorneys' fees and expenses and other serious damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

a.   That the practices of Defendant complained of herein be adjudged, decreed and declared to be in violation of the rights secured to Plaintiff by state and federal law.

b.   That Defendant be required to make Plaintiff whole for its adverse, retaliatory and unlawful actions through restitution in the form of back pay, with interest of an appropriate inflation factor.

  c. That Plaintiff be awarded front pay and the monetary value of any employment benefits she would have been entitled to as an employee of Defendant.

  d. That a permanent prohibitory injunction be issued prohibiting Defendant from engaging in the practices complained of herein.

  e. That Plaintiff be awarded compensatory damages in an amount to be determined at trial.

  f. That Plaintiff be awarded punitive damages as permitted by statute.

  g. That Plaintiff be awarded treble damages as permitted by statute.

  h. That the Court award Plaintiff her attorneys' fees, costs and disbursements pursuant statute.

  i. That the Court grant such other and further relief as it deems fair and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS WHERE TRIAL BY JURY IS AVAILABLE.

Dated:  August 22, 2014.    HALUNEN & ASSOCIATES

                     Clayton D. Halunen, #219721
                      Ross D. Stadheim, #0392475
                      1650 IDS Center
                      80 South Eighth Street
                      Minneapolis, MN 55402
                      Telephone: (612) 605-4098
                      Facsimile: (612) 605-4099

                      *ATTORNEYS FOR PLAINTIFF*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney's fees may be awarded pursuant to Minn. Stat. § 549.211 to the party against whom the allegations in this pleading are asserted.

Dated: August 22, 2014.

_____
Ross D. Stadheim